IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LUIS RAMIREZ, JR., | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2378 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

### MEMORANDUM OPINION AND ORDER

State inmate Jose Luis Ramirez, Jr., has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging four 2003 state court guilty plea convictions. After considering the pleadings, matters of record, and the applicable law, the Court **DISMISSES** the petition as barred by limitations.

I.  **PROCEDURAL HISTORY**

Petitioner pleaded guilty to four counts of aggravated sexual assault of a child on September 24, 2003 in the 185th District Court of Harris County, Texas, and was sentenced to eight years incarceration. The trial court certified that he no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). His direct appeals to the Fourteenth Court of Appeals for the State of Texas were dismissed for that reason on December 11, 2003. *Ramirez v. State*, Nos. 14-03-1142-CR, -1143-CR, -1144-CR, -1145-CR (Tex. App. – Houston [14th Dist.] 2003, no pet.). Petitioner's motion for rehearing was overruled. No petition for discretionary review was filed.

An application for state habeas review was filed on December 20, 2003, and denied by the Texas Court of Criminal Appeals on August 31, 2004.  Petitioner filed this federal habeas petition on July 13, 2006, raising four challenges to his guilty pleas.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).  Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In the instant case, petitioner's conviction became final for purposes of the one-year statute of limitation at the conclusion of direct review or the expiration of the time for seeking such review.  Petitioner was sentenced on September 24, 2003, and had no right of appeal under state law.  *Ramirez*, p. 1.  Accordingly, petitioner's conviction became final thirty days later, on October 24, 2003.  That date triggered the AEDPA statute of limitations, which expired one year later on or about October 24, 2004.  This pending federal petition, filed in 2006, is time-barred unless an exception applies.

    **B.**    **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period.  *Artuz v. Bennett*, 531 U.S. 4 (2000).  Petitioner's state habeas petition was filed on December 10, 2003 and dismissed on August 31, 2004, a total of approximately 269 days.  Petitioner has not alleged that he was subject to any state action that impeded him from filing his claims in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Nor is there a showing of a newly recognized constitutional right upon which the petition is based or a factual predicate for the claims that could not have been discovered previously if petitioner

had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save petitioner's late-filed claims.

### C. Equitable Tolling

Equitable tolling applies principally where a petitioner is actively misled by the other party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is not applied where the petitioner failed to diligently pursue habeas corpus relief under 28 U.S.C. § 2254. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Furthermore, ignorance of the law, even for an incarcerated *pro se* petitioner, usually does not excuse the failure to promptly file. *Id*. Mere excusable neglect does not support equitable tolling. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Petitioner does not allege, and his pleadings here do not show, that he acted with the requisite due diligence or that he was prevented by any extraordinary circumstances from asserting his claims in a timely manner. Accordingly, no grounds for application of equitable tolling provisions appear. This pending petition is untimely and will be dismissed.

### III. CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on July 31, 2006.

_____
Gray H. Miller
United States District Judge